**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KOMPAN, INC.,**<br><br>                              Plaintiff,<br><br>v.<br><br>**CQSa CONSTRUCTION LLC D/B/A POST GENERAL CONTRACTING LLC AND POST BROTHERS**,<br><br>                              Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kompan, Inc. ("Kompan"), by and through its undersigned counsel, for its Complaint against Defendant CQSa Construction LLC d/b/a Post General Contracting LLC and Post Brothers ("Post Brothers" or "Defendant") states and alleges as follows:

## NATURE OF CLAIM

1.      Kompan contracted with Post Brothers to provide playground and gym equipment ("Equipment") for a building in Philadelphia, Pennsylvania. Kompan provided the Equipment sought by Post Brothers in conformity with the parties' agreement. Post Brothers has failed to pay $279,675.18 owed for the Equipment.

## PARTIES

2.      Plaintiff Kompan, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Austin, Texas. Under 28 U.S.C. § 1332(c)(1), Kompan is a citizen of both Delaware and Texas.

3.      Upon information and belief, Defendant CQSa Construction LLC d/b/a Post General Contracting LLC and Post Brothers is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania. Accordingly, Post Brothers is a citizen of Pennsylvania.

1

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

5.      Venue is this District is proper pursuant to 28 U.S.C. § 1391(b) because Post Brothers is a resident of Pennsylvania and of this judicial district, and a substantial part of the events giving rise to the claim occurred in this District.

**FACTUAL ALLEGATIONS**

6.       Post Brothers was working on building the One Thousand One building in Philadelphia, Pennsylvania, part of which involved building a playground and fitness center for the property (the "Project").

7.      Upon information and belief, Post Brothers was the general contractor on the Project.

8.      Kompan, a subcontractor, was contracted to, and then did, provide the Equipment for the Project.

9.      On or about April 9, 2024, Kompan sent Post Brothers a Purchase Order for gym Equipment ("Purchase Order 1"). A true and correct copy of Purchase Order 1 is attached hereto as **Exhibit A**.

10.     Post Brothers, through Ryan P. Donahue, signed Purchase Order 1, dated April 22, 2024. *See* Exhibit A.

11.     On or about May 20, 2024, Kompan sent Post Brothers a Purchase Order for playground Equipment ("Purchase Order 2"). A true and correct copy of Purchase Order 2 is attached hereto as **Exhibit B**.

12.     Post Brothers, through Ryan P. Donahue, signed Purchase Order 2, dated May 20, 2024. *See* Exhibit B.

2

13.     Pursuant to the Purchase Orders, Post Brothers agreed to pay $279,675.18 for the playground and gym Equipment. The payment terms required a deposit of 50% of the total amount of the Equipment, and the remaining amount due was to be paid within 30 days after receipt of the invoices. *See* Exhibit A.

14.     Post Brothers failed to provide the required deposit.

15.     On or about November 25, 2024, Kompan sent Post Brothers two invoices for the Equipment. A true and correct copy of the two invoices from Kompan to Post Brothers for the Equipment in the Purchase Orders ("Invoices") are attached hereto as **Exhibit C**.

16.     Post Brothers made no objections to the Invoices.

17.     Kompan shipped the Equipment to the Project site.

18.     On or about November 25, 2024, the Equipment arrived at the Project.

19.     Post Brothers accepted the Equipment.

20.     Post Brothers has not made any payment to Kompan for the Equipment.

21.     As such, $279,675.18 remains due and owing to Kompan. *See* Exhibit C.

22.     The reasonable value of the Equipment provided by Kompan is $279,675.18.

23.     On or about May 22, 2025, Kompan sent Post Brothers a demand letter, demanding payment of the remaining $279,675.18, within seven days ("Demand Letter"). A true and correct copy of the Demand Letter is attached hereto as **Exhibit D**.

24.     Post Brothers has failed and refused to pay Kompan the $279,675.18 and owing to Kompan.

## COUNT I

## BREACH OF CONTRACT

25.     Kompan realleges and incorporates by reference the allegations in paragraph 1 through 24 above.

26.     Kompan and Post Brothers entered into contracts in the form of the Purchase Orders, under which Kompan agreed to provide Post Brothers with playground and gym Equipment and Post Brothers agreed to pay Kompan $279,675.18 for the Equipment.

27.     Kompan provided Post Brothers with playground and gym Equipment under the terms of the Purchase Orders at the agreed upon price of $279,675.18.

28.     Kompan fully performed all material acts, terms, conditions, and covenants to be performed by it pursuant to the Purchase Orders, including the supply of the playground and gym Equipment.

29.     Post Brothers materially breached, and continues to materially breach, the terms of the Purchase Orders by failing to pay the amount due to Kompan.

30.     As a direct and proximate result of Post Brothers's material breach of the Purchase Orders, Kompan has suffered and continues to suffer damages in an amount to conform to proof at trial, but no less than $279,675.18.

## COUNT II

## ACCOUNT STATED

31.     Kompan realleges and incorporates by reference the allegations contained in paragraph 1 through 30 above.

32.     Kompan, at Post Brothers's request, furnished and provided to Post Brothers the Equipment, the fair and reasonable value of which is $279,675.18.

33.     Post Brothers, through the Purchase Orders, has acknowledged its obligation to pay and made an unconditional promise to pay that amount for the Equipment.

34.     Kompan sent invoices to Post Brothers establishing the amount owed and establishing an account.

35.     Post Brothers has not challenged any of Kompan's invoices.

36.     Post Brothers failed to pay the remaining $279,675.18 due and owing to Kompan.

4

37.    Post Brothers is indebted to Kompan in an amount in excess of $279,675.18, for which demand has been made and payment refused.

## COUNT III

### QUANTUM MERUIT

38.    Kompan realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 above.

39.    Kompan provided playground and gym Equipment to Post Brothers for the Project.

40.    Post Brothers retained the equipment and benefited from same.

41.    Pursuant to the Purchase Orders, Kompan expected payment for its Equipment.

42.    The reasonable value for Kompan's Equipment is $279,675.18.

43.    The amount remaining due and owing to Kompan is $279,675.18.

## COUNT IV

### UNJUST ENRICHMENT

44.    Kompan realleges and incorporates by reference the allegations in paragraphs 1 through 43 above.

45.    Based on Post Brothers's request, Kompan conferred a benefit upon Post Brothers by providing the playground Equipment for the Project.

46.    Post Brothers was aware of and received the benefit of Kompan's Equipment and services but failed to pay for same.

47.    It is unjust for Post Brothers to retain that benefit without compensating Kompan for the Equipment provided.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kompan, Inc., respectfully requests this Court grant the following relief against Defendant CQSa Construction LLC d/b/a Post General Contracting LLC and Post Brothers:

A.      For all recoverable damages according to proof, but in no event less than the sum of $279,675.18, plus interest at the maximum rate permitted by Pennsylvania law;

B.      For pre-judgment interest as permitted by law on all sums awarded;

C.      For costs of suit incurred herein;

D.      For reasonable attorneys' fees and costs; and

E.      For such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Kompan, Inc. demands a trial by jury on all questions of fact the Complaint raises.

Dated: July 25, 2025                    Respectfully submitted,


THE FRANCHISE FIRM LLP


_____
Evan M. Goldman
Brett M. Buterick
THE FRANCHISE FIRM LLP
225 Wilmington West Chester Pike, Suite 200
Chadds Ford, PA 19317
(215) 965-9499
evan@thefranchisefirm.com
brett@thefranchisefirm.com

*Attorneys for Plaintiff, Kopman, Inc.*

6